**United States Bankruptcy Court**
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey 08101

**JUDITH H. WIZMUR**                                                                    (856) 361-2320
U.S. Bankruptcy Judge

August 6, 2013

Amir Little
634 Line Street
Camden, New Jersey 08103

    Re:  Case No. 12-14401/JHW
          **LETTER OPINION**

Dear Mr. Little,

    I am in receipt of your correspondence, filed on August 2, 2013, questioning a municipal court's authority to arrest you for unpaid municipal court fines that you had included in your Chapter 7 petition and schedules. More specifically, you mentioned that a Deptford Municipal Court judge stated that they did not have to honor an order from the United States Bankruptcy Court. It is unclear from your letter whether the municipal court sought to modify your sentence, or to simply arrest you as a collection mechanism. In any event, it appears from the record that the debt in question arose post-petition, and as such, would not have been subject to the automatic stay provisions of 11 U.S.C. § 362. In other words, the municipal court would not have been prohibited from taking action to collect on a debt that had arisen post-petition, i.e. after the date that you filed your Chapter 7 bankruptcy petition.

    By way of background, I note that you filed a voluntary pro se petition under Chapter 7 of the Bankruptcy Code on February 23, 2012, and that your

1

original petition did not include the Deptford Municipal Court as an unsecured creditor on Schedule F. John W. Hargrave was appointed as the Chapter 7 trustee on February 24, 2012, and the trustee subsequently filed a Report of No Distribution on April 10, 2012. Your case was initially closed without discharge on June 11, 2012 for failure to complete your post-petition instructional course concerning personal financial management as required by 11 U.S.C. § 727(a)(11).

On April 30, 2013, you moved to reopen your case to file the certification of completion for the required financial management course. Your request was granted, the filing fee waived, and the appropriate certification was filed. On April 30, 2013, you also filed an amendment to your Schedule F listing nine additional unsecured creditors, the amount of their respective debts, and presumably the dates that those debts were incurred. I note that all but three of those debts are listed with dates that would have arisen post-petition. As is relevant here, you listed the Deptford Municipal Court with a debt of $588.00, as incurred on March 27, 2013, over a year after you filed your Chapter 7 petition. On May 30, 2013, an order was entered requiring you to serve notice of the amendment on your creditors and to provide a certification of compliance with the order within fourteen days, which was done. I note, however, that a discharge has not yet been entered in this case.

Our focus here is on when the debt in question arose. Your letter to this court questions whether your bankruptcy filing should have in effect placed a "hold" on any creditor seeking to collect on its debt. Your assumption is correct that in the normal course, the filing of a petition in bankruptcy automatically stays the commencement or continuation of judicial or administrative proceedings, the enforcement of a judgment, or any act to collect or recover on a claim that arose before the commencement of the case.

2

11 U.S.C. § 362(a)(1,2,6). The important emphasis here is that this restriction applies in the Chapter 7 context only as to prepetition debts. Prepetition debts are those debts that arose prior to the filing of your bankruptcy petition. Actions taken to collect debts that arise post-petition, after the date of your original bankruptcy filing, are not stayed by the automatic stay. Your bankruptcy filing and subsequent amendment of your Schedule F to include the Deptford Municipal Court would not have prevented the municipal court from taking any action to collect on this debt if it arose post-petition as indicated.

If the debt in question had arisen prepetition, i.e., prior to February 23, 2012, the municipal court would have been prohibited from any attempt to collect the debt while the automatic stay was in place. The automatic stay remains in effect until the earliest of when the case is closed or dismissed or a discharge is granted or denied. 11 U.S.C. § 362(c). The municipal court would not, however, have been barred from modifying your sentence to require incarceration in lieu of a fine payment under New Jersey law, where applicable. See In re Cuevas, 205 B.R. 457 (Bankr. D.N.J. 1997) (concluding that incarceration in lieu of fine collection did not violate the automatic stay). It is also important to note that in the Chapter 7 context, even if a discharge is entered in the case, it will not serve to discharge or otherwise remove this debt even if it arose prepetition. In New Jersey, the general consensus is that prepetition municipal court traffic fines are not dischargeable in a Chapter 7 case pursuant to 11 U.S.C. § 523(a)(7). See In re Raphael, 238 B.R. 69, 78 n.11 (D.N.J. 1999); In re Burkhardt, 220 B.R. 837, 846 (Bankr. D.N.J. 1998). So, with respect to a prepetition debt, the municipal court would have been stayed during the pendency of your case, but free to take action on its claim once the automatic stay was no longer in place.

3

In any event, in this case, the record suggests that the debt in question arose post-petition. Therefore, the actions previously taken by the Deptford Municipal Court, presumably to further collection of this debt, did not violate the automatic stay. The municipal court is also not barred from any future collection actions with respect to this post-petition debt as a result of the filing of the current bankruptcy petition in this case or the associated amendment to Schedule F. Neither the automatic stay nor a Chapter 7 discharge will have any effect on the outstanding post-petition obligation owed to this creditor.

Very truly yours,

JUDITH H. WIZMUR
U.S. Bankruptcy Judge